FILED _____ ✓ LODGED
RECEIVED _____ COPY

FEB 1 9 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

JOHN S. LEONARDO
United States Attorney
District of Arizona

LISA E. JENNIS
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: lisa.jennis@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-15-00924-3-PHX-GMS |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Erik Foster, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, ERIK FOSTER, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to an Information charging the defendant with a violation of Title 21, United States Code (U.S.C.) §§ 841(a)(1) and 841(b)(1)(B)(ii), Possession with the Intent to Distribute Cocaine, a controlled substance, a Class B felony offense, and will consent to the forfeiture allegations contained in the Information.

2. **MAXIMUM PENALTIES**

a.     A violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), is punishable by a maximum fine of $5,000,000, a minimum term of 5 years and a maximum term of 40 years imprisonment, or both, and a term of supervised release of at least 4 years and up to life.

b.     According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

d.     The defendant understands and acknowledges that conviction of this offense may result in the defendant and the defendant's immediate family members losing eligibility for certain Welfare, Food Stamp, Social Security and other federal benefits pursuant to Title 21, United States Code, Sections 862 and 862a.

**3.     AGREEMENTS REGARDING SENTENCING**

a.     Recommendation.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that defendant be sentenced to the low end of the applicable guideline range.

b.     Non-Binding Recommendations.  The defendant understands that recommendations are not binding on the Court.  The defendant further understands that

1 the defendant will not be permitted to withdraw the guilty plea if the Court does not
2 follow a recommendation.

3         c.         Assets and Financial Responsibility.   The defendant shall make a full
4 accounting of all assets in which the defendant has any legal or equitable interest. The
5 defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,
6 or transfer any such assets or property before sentencing, without the prior approval of
7 the United States (provided, however, that no prior approval will be required for routine,
8 day-to-day expenditures).   The defendant also expressly authorizes the United States
9 Attorney's Office to immediately obtain a credit report as to the defendant in order to
10 evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.
11 The defendant also shall make full disclosure of all current and projected assets to the
12 U.S. Probation Office immediately and prior to the termination of the defendant's
13 supervised release or probation, such disclosures to be shared with the U.S. Attorney's
14 Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant
15 shall participate in the Inmate Financial Responsibility Program to fulfill all financial
16 obligations due and owing under this agreement and the law.

17         d.         Acceptance of Responsibility.   If the defendant makes full and complete
18 disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
19 commission of the offense, and if the defendant demonstrates an acceptance of
20 responsibility for this offense up to and including the time of sentencing, the United
21 States will recommend a two-level reduction in the applicable Sentencing Guidelines
22 offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16
23 or more, the United States will recommend an additional one-level reduction in the
24 applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

25 **4.**      **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

26         a.         Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of
27 sentencing, shall dismiss Count 1 of the Indictment.

28

b.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.     If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.     If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.  In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings.  The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the

conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

**7.   DISCLOSURE OF INFORMATION**

a.   The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.   Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.   The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)   criminal convictions, history of drug abuse, and mental illness; and

(2)   financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.   FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.   Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United

1   States to enforce the judgment.

2         b.    The defendant agrees to forfeit, and hereby forfeits, all interest in any asset

3   that the defendant owns or over which the defendant exercises control, directly or

4   indirectly, as well as any property that is traceable to, derived from, fungible with, or a

5   substitute for property that constitutes the proceeds of his offense, or which was used to

6   facilitate the commission of his offense, including:

7         1.    HK P2000 .40 S&W, SN 123-014011;

8         2.    HK P2000 magazine;

9         3.    Springfield Armory XD-45 ACP, SN XD694265;

10        4.    Springfield Armory XD-45 magazine;

11        5.    Arsenal Model SLR-1015 7.62x39 caliber, SN KP390126;

12        6.    7.62x39 caliber magazine;

13        7.    Spikes Tactical SL-15 lower, SN SAR54721 with 5.11 sling;

14        8.    Magpul PMAG 5.56x45;

15        9.    Walther PK380, SN PK081315;

16        10.    Walther .380 magazine;

17        11.    Glock 17 9x19, SN WR838;

18        12.    Glock 17 magazine;

19        13.    Smith and Wesson 357 magnum revolver, serial number N218732;

20        14.    Smith and Wesson .22 long-rifle CTG revolver, SN 3K72887;

21        15.    YHM Model YHM-15 5.56, SN YH021761, with EOTech optic and

22              flashlight;

23        16.    Magpul PMAG 5.56x45;

24        17.    AR Fifteen Model AR15, serial number SN10695, with flashlight and sling;

25        18.    Magpul PMAG 5.56x45;

26        19.    Sturm, Ruger & Co. Ruger P94, SN 308-58139;

27        20.    Ruger P94 magazine;

28        21.    Savage 308, serial number F536903, with scope and sling;

22.     5.56x45 upper receiver;

23.     LG Model L5620, SN 408CYKJ0117965;

24.     Samsung flip phone, serial number R21D9AVEZ5W;

25.     Samsung Galaxy phone, SN R28G509NXPY;

26.     YAESU FM Transceiver FT-60, SN 2M580427;

27.     BAOFENG Dual Band FM Transceiver UV-5RAX+;

28.     BAOFENG Dual Band FM Transceiver UV-5RV2+;

29.     Big Horn Arms WTH-S, SN 000242;

30.     Big Horn Arms WTH-S, SN 0001000; and

31.     Five Rounds of Winchester 308 ammunition.

c.     The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant further understands and agrees that forfeiture of the assets is in accordance with both 21 U.S.C. § 853 and 18 U.S.C. § 982.

d.     Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.  This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

e.     The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture, including that the forfeiture constitutes an excessive

fine or punishment.  The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

      f.      Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated.  Defendant further agrees that he will not contest civil, administrative or judicial forfeiture of the listed property. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

**9.**    **<u>ELEMENTS</u>**

**Possession with the Intent to Distribute Heroin**

On or about July 22, 2015, in the District of Arizona:

1.      The defendant knowingly or intentionally possessed cocaine, a controlled substance;

2.      The defendant possessed the cocaine with the intent to distribute it; and,

3.      The controlled substance was cocaine with a weight of 500 grams or more.

**10.**    **<u>FACTUAL BASIS</u>**

      a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On an unknown date in July 2015, I agreed with Parris Frazier and Robert Deatherage to steal cocaine from a location in Arizona with the intent of selling it to another person named "Carlos".  I believed that "Carlos" was a drug trafficker and knew that Frazier had stolen cash from a car for Carlos on a previous occasion.  On July 22,

2015, Parris Frazier, Robert Deatherage and I drove in a Toyota Camry to a location in Phoenix, AZ where Parris Frazier met with "Carlos" in a parking lot in order to find out where the cocaine was located.  After meeting with "Carlos", Frazier returned to the Toyota Camry and the three of us followed "Carlos" to a warehouse located on 39th Avenue in Phoenix, AZ where we believed the cocaine would be located in a vehicle. We removed the license plate of the Camry in order to conceal our identities.  Prior to entering the warehouse parking lot, we conducted counter-surveillance.  Foster was driving the Camry.  Frazier exited the Camry and cut the lock on the gate to the warehouse.  After the lock was cut, both Frazier and Deatherage entered the warehouse parking lot on foot and located the car containing the cocaine.  Deatherage stood guard while Frazier searched the car for cocaine.  Frazier located six red packages that I believed contained cocaine. I remained in the driver's seat of the Camry.  They returned to the Camry and put the packages in a newly purchased duffle bag.  We were soon pursued by law enforcement so we threw the duffle bag containing the cocaine out the window and we drove to Frazier's girlfriend's house.  All three of us were armed with a pistol and a long gun while we were in the Camry.  We removed the firearms when we arrived at Frazier's girlfriend's house where we were later arrested.  I thought we would be paid $15,000 per kilo of cocaine by "Carlos" and would split the money equally.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.    I have been informed that one of the 6 packages contained at least 1 kilo of cocaine.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

1   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to
2   present evidence in my defense, to remain silent and refuse to be a witness against myself
3   by asserting my privilege against self-incrimination, all with the assistance of counsel,
4   and to be presumed innocent until proven guilty beyond a reasonable doubt.

5       I agree to enter my guilty plea as indicated above on the terms and conditions set
6   forth in this agreement.

7       I have been advised by my attorney of the nature of the charges to which I am
8   entering my guilty plea.  I have further been advised by my attorney of the nature and
9   range of the possible sentence and that my ultimate sentence shall be determined by the
10   Court after consideration of the advisory Sentencing Guidelines.

11       My guilty plea is not the result of force, threats, assurances, or promises, other
12   than the promises contained in this agreement.  I voluntarily agree to the provisions of
13   this agreement and I agree to be bound according to its provisions.

14       I understand that if I am granted probation or placed on supervised release by the
15   Court, the terms and conditions of such probation/supervised release are subject to
16   modification at any time. I further understand that if I violate any of the conditions of my
17   probation/supervised release, my probation/supervised release may be revoked and upon
18   such revocation, notwithstanding any other provision of this agreement, I may be
19   required to serve a term of imprisonment or my sentence otherwise may be altered.

20       This written plea agreement, and any written addenda filed as attachments to this
21   plea agreement, contain all the terms and conditions of the plea.   Any additional
22   agreements, if any such agreements exist, shall be recorded in a separate document and
23   may be filed with the Court under seal; accordingly, additional agreements, if any, may
24   not be in the public record.

25       I further agree that promises, including any predictions as to the Sentencing
26   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
27   (including my attorney) that are not contained within this written plea agreement, are null
28   and void and have no force and effect.

1    I am satisfied that my defense attorney has represented me in a competent manner.

2    I fully understand the terms and conditions of this plea agreement. I am not now

3    using or under the influence of any drug, medication, liquor, or other intoxicant or

4    depressant that would impair my ability to fully understand the terms and conditions of

5    this plea agreement.

6

7    1/29/16
     Date
                                         ERIK FOSTER
                                         Defendant
8

9    ### APPROVAL OF DEFENSE COUNSEL

10    I have discussed this case and the plea agreement with my client in detail and have

11    advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

12    constitutional and other rights of an accused, the factual basis for and the nature of the

13    offense to which the guilty plea will be entered, possible defenses, and the consequences

14    of the guilty plea including the maximum statutory sentence possible. I have further

15    discussed the concept of the advisory Sentencing Guidelines with the defendant. No

16    assurances, promises, or representations have been given to me or to the defendant by the

17    United States or any of its representatives that are not contained in this written

18    agreement. I concur in the entry of the plea as indicated above and that the terms and

19    conditions set forth in this agreement are in the best interests of my client. I agree to

20    make a bona fide effort to ensure that the guilty plea is entered in accordance with all the

21    requirements of Fed. R. Crim. P. 11.

22

23    1/29/16
      Date
                                         LOYD C. TATE
                                         Attorney for Defendant
24

25

26

27

28

- 11 -

1

## APPROVAL OF THE UNITED STATES

2

   I have reviewed this matter and the plea agreement.   I agree on behalf of the

3

United States that the terms and conditions set forth herein are appropriate and are in the

4

best interests of justice.

5

6                                            JOHN S. LEONARDO
                                             United States Attorney
7                                            District of Arizona

8    ____2/10/16_____              _____
9    Date                                    LISA E. JENNIS
                                             Assistant U.S. Attorney
10

11                         **ACCEPTANCE BY THE COURT**

12

13   _____              _____
14   Date                                    Honorable G. MURRAY SNOW
                                             United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -